**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| GUSTAVO PEREZ HERNANDEZ, FRANCISCA JERONIMA BALTAZAR, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 10-73136 Agency Nos. A073-419-233 A095-599-971 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012**

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Gustavo Perez Hernandez and Francisca Jeronima Baltazar, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from the immigration judge's decision denying their

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's finding that the threats and beatings Perez experienced at the hands of guerilla and government soldiers did not rise to the level of persecution. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006) (threats petitioner received, absent evidence they would be fulfilled, did not compel a finding of persecution); *see also Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (a single instance of abusive detention by a group of military and civilian attackers did not constitute persecution). Substantial evidence also supports the agency's finding that Perez failed to demonstrate a well-founded fear of persecution. *See Gonzalez-Hernandez*, 336 F.3d at 997-98, 1000-01 (the 1996 peace accords ending Guatemalan civil war may rebut a presumption of well-founded fear); *see also Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000) (evidence of uneventful return trips to home country may show petitioner's fear of future persecution is not well founded); *Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (evidence that petitioner's family lives unharmed in home country tends to show fear of persecution is not well founded); *Zetino v. Holder*, 622 F.3d 1007,

1016 (9th Cir. 2010) (petitioner's subjective fear of criminal violence bears no nexus to a protected ground).  Petitioners' asylum claim fails.

Because petitioners could not meet the burden of establishing eligibility for asylum, the agency correctly found they could not meet the heavier burden of qualifying for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Lastly, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured if they return to Guatemala.  *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**